Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

District of Columbia ▾

_____ Division

Romulo Richardson

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

District of Columbia
Judge Darlegne Soltys

*Defendant(s)*
*(Write the full name of each defendant who is being sued.  If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

Case: 1:22−cv−03161 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 10/12/2022
Description: Pro Se Gen. Civ. (F−DECK)

*(to be filled in by the Clerk's Office)*

## COMPLAINT AND REQUEST FOR INJUNCTION

I.      **The Parties to This Complaint**

A.      **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Romulo Richardson |
| Street Address | 2319 Green st SE |
| City and County | Washington D.C |
| State and Zip Code | D.C |
| Telephone Number | 202-670-8381 |
| E-mail Address | romulo.richardson00@gmail.com |

B.      **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | District of Columbia |
| Job or Title *(if known)* | Maniciple District |
| Street Address | 1350 Pennsylvania Ave NW |
| City and County | Washington DC |
| State and Zip Code | DC |
| Telephone Number | 202-727-3400 |
| E-mail Address *(if known)* | oag@dc.gov |

Defendant No. 2

| | |
|---|---|
| Name | Darlegne Soltys |
| Job or Title *(if known)* | Judge |
| Street Address | 500 Indiana Ave NW |
| City and County | Washington DC |
| State and Zip Code | DC |
| Telephone Number | 202-879-1010 |
| E-mail Address *(if known)* | JudgeSoltysChambers@dcsc.gov |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction?  *(check all that apply)*

☑ Federal question               ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

US Constitution First Amendment Redress a Grievance,  US Constitution Fourteenth Amendment Equal Protection and Procedural Due Process. Fourteenth Amendment Fundemental Parental Rights. Fifth Amendment Due Proces

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

    a.    If the plaintiff is an individual

    The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

    b.    If the plaintiff is a corporation

    The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

    and has its principal place of business in the State of *(name)* _____ .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

    a.    If the defendant is an individual

    The defendant, *(name)* Darlegne Soltys , is a citizen of the State of *(name)* District of Columbia . Or is a citizen of *(foreign nation)* _____ .

      b.     If the defendant is a corporation

The defendant, *(name)* District of Columbia , is incorporated under

the laws of the State of *(name)* District of Columbia , and has its

principal place of business in the State of *(name)* District of Columbia .

Or is incorporated under the laws of *(foreign nation)* _____ ,

and has its principal place of business in *(name)* District of Columbia .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:
See Attachment

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?
See Attachment

B.    What date and approximate time did the events giving rise to your claim(s) occur?
See Attachment

C.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?*
*Was anyone else involved?  Who else saw what happened?)*
See Attachment

## IV.    Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you
sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation
could not be measured.
I had my newborn daughter kidnapped and I have never been able to meet her based on these actions. I have
missed her birth, my mom ., my family has missed the first 3 years of that childs life. She doesnt even know us.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal
arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.
See Attchemnt

## VI.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  10/12/2022

Signature of Plaintiff

Printed Name of Plaintiff     Romulo Richardson

### B.     For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ROMULO** | ) | |
| **RICHARDSON** | ) | |
| *Plaintiff  (Pro Se)* | ) | |
| | ) | |
| *Vs* | ) | **COMPLAINT FOR** |
| | ) | **VIOLATION OF THE** |
| **Muriel Bowser (Via)** | ) | **CONSTITUTION** |
| *District of Columbia* | ) | *OF THE* |
| *1350 PENN AVE NW* | ) | **THE UNITED STATES** |
| *WASHINGTON DC  2004* | ) | |
| ) | ) | via Case number 2020 DRB 1119 |
| **Judge** DARLEGEN SOLTYS | ) | 2020 DRB 1229   ) |
| 500 Indiana Ave NW, Washington, DC | ) | **2020 DRB 510** |
| **2001** | ) | **First Amendment** |
| | ) | **(Redress a Grievance)** |
| | ) | **Fourteenth Amendment** |
| | ) | **(Equal Protection )** |
| | ) | **The Fifth Amendment** |
| | ) | **(Due Process)** |
| | ) | (**6 PERSON JURY TRIAL** *Requested))* |
| *Defendant* | ) | |

_____)

**SECTION 1983 TORT CLAIM**
**Requesting**
**Injunctive Relief**

**DC**

**Compensatory Damages**

**SOLTYS**

**Punitive Damages**

**SOLTYS**

# __INTRODUCTION__

1. This is an action brought by the above-captioned Plaintiff, ROMULO RICHARDSON,

against The Defendant. Muriel Bower via, The District of Columbia, and Judge Darlege

Soltys for their abusive, proprietary, and unconstitutional actions when they aided and

abetted in the parental kidnapping of  THE PLAINTIFFS alleged new born child. Ignored
several protections of the DC code, and

refused to order mandated DNA testing and visitation upon request by THE PETITIONER

within the legal allowable time frame.

### DISTRICT OF COLUMBIA

2. On August 20, 2020  The ex-wife of the Plaintiff admitted under oath in their divorce

hearing to illegally removing THE PLAINTIFF's new born child from the District of

Columbia to Woodstock Ga and concealing the child there for months (NOW YEARS)

after several petitions for access and custody of the minor child were filed by THE

PLAINTIFF and pending. The ex wife admitted under oath the intent to prevent THE

PLAINTIFF from exercising his parental rights.

**3. Despite the fact THE PLAINTIFF has not met the minor child THE DISTRICT OF COLUMBIA refused to order the child be returned to THE DISTRICT OF COLUMBIA after admission by the ex wife to the kidnapping.**

**4. THE DISTRICT OF COLUMBIA  then allowed the ex wife to use a fake DC address even though THE COURTS was fully aware she did not reside in DC, to conceal their illegal actions.**

**5. The PLAINTIFF filed a suppression of evidence to remove the fake address off the record on August 20., 2020. DISTRICT OF COLUMBIA  then  refused to answer not only that motion but every motion filed by THE PLAINTIFF during the open hearing on August 20, 2020 while granting every single motion filed against THE PLAINTIFF**

**6. As a result of the admission of kidnapping by THE PLAINTIFFS ex wife.. DISTRICT OF COLUMBIA then ordered the official transcripts could not be given to THE PLAINTIFF for review during appeal, by personally writing an order to block the transcripts when they were requested.**

**7. THE PLAINTIFF (not the one who actually committed the kidnapping) was then ordered to have a psychiatric evaluation and home evaluation.**

**8. The Plaintiff was then ordered remote visitation ONLY despite the fact the PLAINTIFF had never met the minor child. The order was later changed to NO CONTACT UNTIL 2027 without any legally binding justification**

**9. DISTRICT OF COLUMBIA then purposely concealed the genetic identity of that child by denying THE PLAINTIFFS repeated request for genetic testing and repeatedly lying in orders about the DC Code to justify their actions,, while ordering the plaintiff to pay retro-active child support for a minor child they literally refuse to let him even meet or know if its even his .**

**10. THE DISTRICT OF COLUMBIA has repeatedly ignored grievances about these actions over the last 2 years including but not limited to. A lawsuit against the District of Columbia and Judge Soltys in District Court in 2020, Several grievances sent to Disabilities and Tenure including several phone conversations. Several attempts to report the child missing, where DC youth and family services refused to take the report. Or any actions at**

all. Conversations with the attorney general's office directly. Direct emails to every member of the DC Council as well as THE PETITIONERS own councilmember Trayon White who also refused to look into the matter.

11. Based on DC's refusal to address an obvious injustice in their own system of government. It is more than conceivable that DC made a conscious decision to be fully liable for all the aforementioned actions taken in these matters.

10. THE PLAINTIFF is seeking Injunctive relief,. from these multiple constitutional rights violations which include but are not limited to…. multiple violations to the EQUAL PROTECTION clauses. Hundreds of FIFTH AMENDMENT DUE PROCESS rights violations as well as dozens of infringements on THE PLAINTIFFS RIGHT TO REDRESS A GRIEVANCE as well as infringements to VIRTUALLY ALL of the Plaintiffs Fourteenth amendment parental rights protections.

### JUDGE SOLTYS

11. Judge Soltys deliberately and consistently went to war against THE CONSTITUTION of The United States during her time as Judge in Case Number 2020 DRB 1119, 2020 DRB 1229 and 2020 DRB 510 . Several of her documented actions violated THE CONSTITUTION OF THE UNITED STATES; RIGHT TO REDRESS GRIEVANCES, DUE PROCESS, PARENTAL AND EQUAL PROTECTION parameters. On numerous

occasions, both verbally in open court and in numerous filings Judge Soltys was reminded of her obligation as an judicial officer and the mandated laws of The District of Columbia and The United States. Judge Soltys still made several decisions in these matters which she knew were unlawful and attempted to conceal her actions by blocking transcript orders, ordering THE PETITIONER moot and more. In doing so Judge Soltys knowingly violated THE PETITIONERS civil rights.

12.  Judge Soltys was repeatedly notified both in filings and verbally a combined 20+ times of the actions against THE PLAINTIFF was unconstitutional at the least.

## PARTIES
## THE PLAINTIFF

13. The Plaintiff is a natural born citizen of The United States. The United States Constitution protects a citizen's right to bring grievanc*e ( See US Constitution First Amendment)*

14. The Plaintiff is bringing a tort action against The Defendant. A tort is a  civil wrong (other than breach of contract) that causes a claimant to suffer loss or harm, resulting in legal liability for the person who commits the tortious act. *(SEE  28 U.S. Code Chapter 171 - TORT CLAIMS PROCEDURE*

**15. The Plaintiff affirms; that the Defendant in this case "Trespassed The Person" and "Intentionally caused emotional damage" during her (but not limited to) aforementioned actions as presiding Judge in these matters** *(SEE 28 U.S. Code Chapter 171 - TORT CLAIMS PROCEDURE*

**16. The Plaintiff affirms; that the defendant did "Abuse the Process" and unjustifiably and unreasonably perverted regularly issued court processes.**

*(SEE 28 U.S. Code Chapter 171 - TORT CLAIMS PROCEDURE, 18 U.S. Code § 1505 - Humphrey, 512 U.S. 477 (U.S. 1994)*

**17. The Plaintiff affirms; that The Defendendent did commit several acts of Malicious prosecution when she intentionally (and maliciously) instituted and pursed (causing to be instituted or pursued) a legal action brought without probable cause and well as (3) dismissed petitions in favor of the victim of the malicious prosecution** *(See U.S. Code Title Judiciary and Judicial Procedure § 2680 28 U.S. Code Chapter 171 - TORT CLAIMS PROCEDURE*

**19. The Plaintiff affirms; the defendant negligently caused infliction of emotional distress when she failed to use reasonable care to avoid causing that emotional distress.**

*28 U.S. Code Chapter 171 - TORT CLAIMS PROCEDURE*

## THE DEFENDANTS

## THE DISTRICT OF COLUMBIA

**20.  District of Columbia ("District"), a municipal corporation empowered to sue and be sued, is the local government for the territory constituting the permanent seat of the government of the United States. The District is represented by and through its chief legal officer, the Attorney General for the District of Columbia.**

## JUDGE DARLEGNE  SOLTYS

**21. Even though The Defendant is a Judge acting in her official capacity she is still competent to stand trial for her actions.** *See 42 U.S. Code § 1983, Fed. R. Civ. P. 8(a)(2),* Butz vs. *Economou, 438 U.S. 478, 506, (1978), United States vs. Lee, 106 U.S., at 220, (1882),* Carey vs Piphus, 435 *US 247, 253 (1978), Hudson vs Artuz No 95 CIV 4768/JSR).1998*

## JURISDICTION AND VENUE

**22. The District of Columbia United States Courts is the proper venue for Section 1983 actions.** **Justice Stevens delivered the opinion of the Court. In our federal system of government, state as well as federal courts have jurisdiction over suits brought pursuant to** *42 U.S.C. $1983, Occ, c.y., ivichnett vs. St. Louis & San Francisco R Co., 292 U.S. 230, 233 (1934).see Howlett vs. Rose, 496 U.S., at 382-383.*

## FACTUAL ALLEGATIONS

### Marriage

**23.  The Plaintiff Romulo Richardson  married Jontel  Harvey on March 15, 2019 in**

**Washington D.C.**

**24. On April 28 2019 Jontel Harvey was reported missing by ThePetitioner after she disappeared after a night out with him on their way back to the car.**

**25. On April 29,2019 Jontel Harvey randomly showed up and contacted Petitioner. MPD was contacted for the recovery.**

**26. May 2019. Ms Harvey learned she was pregnant.**

**Blackmail, Extortion, Theft. and  Assault Allegation**

**27. During the afternoon of September 13, 2019 Jontel Harvey made an attempt to force The Petitioner to sign a postnuptial agreement which would relinquish The Petitioner of all his parental rights of the presumed child during a car ride home from work. Under oath Ms Harvey testified to these facts during trial in Case number 2019 CPO 3991 on September 30, 2019 and October 1st 2019**

**28. On September 13, 2019 During the car ride home Ms Harvey threatened  The Petitioner stating " if he did not sign the postnuptial agreement, he had to leave the marital home immediately." "If he refused to sign the postnuptial agreement and leave the home,**

she would then contact the police and make something up to force him out." The Petitioner played the audio of the threat in open court during The CPO trial under case number 2020 COP 3991 on October 1, 2019.

29. During the car ride on September 13, 2019 The Petitioner responded by telling Ms Harvey that he wanted consult legal counsel before making such decision Under oath Ms Harvey testified to these facts during trial in Case number 2019 CPO 3991 on September 31, 2019 and October 1st 2019

30. On September 14, 2019 The Petitioner was asleep at 3 am when Jontel Harvey attempted to induce an assault by stealing The Petitioners keys and recording it with her camera phone in hopes The Petitioner would assault her when defending his property, and she could force him out of the home by way of intra-family offense.
Under oath Ms Harvey testified That she did turn her camera phone on in order to document what she felt would be an assault when she stole his keys, during trial in Case number 2019 CPO 3991 on September 31, 2019 and October 1st 2019

31. During the theft on September 14, 2019 by Ms Harvey The Petitioner refrained from criminally assaulting Ms Harvey. The Petitioner only removed his keys from Ms Harveys hands immediately without causing any injuries, left the premises and notified police.

Under oath Ms Harvey testified to these facts during trial in Case number 2019 CPO 3991

on September 31, 2019 and October 1st 2019


32. Despite Ms Harveys efforts to press charges for assault because she was stopped

from stealing The Petitioners property on September 14, 2019. The DC. Police explained

The Petitioner has the right to protect his property from imminent danger. There was no

assault on the morning of September 14, 2019. (Body Camera Footage of the incident will

be submitted in these matters)


### Civil Protection Order Proceedings
### Harvey Vs Richardson Case Number 2020 CPO 3991

33. On September 16, 2019 Jontel Harvey filed an affidavit for a stay away order

alleging assault and threats


34. On September st, 2019 under oath Jontel Harvey testified that she was inducing the

civil action against THE PETITIONER because the Petitioner refused to sign a postnuptial

agreement.


35. On October 1st, 2019 during trial in case number 2019 CPO 3991 Judge Kravitz

refused to allow THE PETITIONER  open testimony during trial. Judge Neal Kravitz

stated I will ask you questions and you will answer and that will be your testimony .

36.  On October 1st, 2019 during trial in case number 2019 CPO 3991 Judge Kravitz refused to allow The Petitioner to examine his own witness, Judge Kravotz stated … .i will ask your witness questions and he will answer them. The Petitioner was not allowed to ask his witness anything.

37. Judge Kravitz  openly and repeatedly misrepresented the DC CODE during the CPO Trial on September 31, and October 1st of 2019

38. On October 1st, 2019 in case number 2019 CPO 3991 When making his ruling in the intra-family offense assault case Judge Kravitz stated (paraphrasing) there was not any evidence to constitute an assault but because Ms Harvey was more emotional on the stand, and The Petitioner was bigger physically he was guilty of assault.

39.  On October 1st, 2019 in case number 2019 CPO 3991 Judge Kravitz granted Ms Harveys request for a stay away order.and Ordered The petitioner to have no contact with Ms Harvey (ONLY) until October 1st, 2020

40. On November 7th, 2019 The District of Columbia filed a criminal case for Contempt

of Court for violating the stay away order. The filing against the Petitioner stemming from allegations by Ms Harvey that The Petitioner contacted Ms Harvey through a third party when she was served with divorce papers, and allegations of contact by telephone. Ms Harvey never presented any evidence linking The Petitioner to any of the phone calls. Ms Harvey even admitted to not answering several of the alleged phone calls but she somehow knew it was The Petitioner, even though the numbers which called her weren't any numbers known to The Petitioner and one of the numbers was a number known to Ms Harvey not to be that of The Petitioner.

41.  On. November 7th 2019 A stay away order was place against The Petitioner for the full immediate family of Ms Harvey without any of the other family members requesting this action.

42. On. November 7th 2019 Peter Odom was assigned to represent The Petitioner in case number 2019 CCC 73 against the will and approval of The Petitioner

### DENIAL OF ALL ACCESS TO MINOR CHILD

43. On January 18, 2020 The Minor child was born.

44. The Petitioner was not notified when Ms Harvey went into labor on January 18, 2019.

**45. The Petitioner was not invited to meet the minor child after the birth.**

**46. The Petitioner filed a request to meet the Minor child  when she was born and requested DNA Genetic testing prior to birth on February 12, 2020,  not knowing the minor child had already been born. Judge Soltys denied The Petitioners request to meet the minor child at birth and DNA Genetic testing. In her ruling judge Soltys stated  that DNA Genetic testing was not available before birth in The District of Columbia which is not the case. Judge Soltys also justified her ruling against The Petitioner by stating he could not gain access to a child because the child was not born yet.**

**47.  On February 18, 2020 John Harvey (Jontel Harveys Father) requested the stay away order be reduced to a NOHATS order so he could negotiate terms of The Divorce with The Petitioner on Jontel harveys behalf.  It wasn't until after the Petitioner filed an action requesting access to the minor child did Ms Harvey family then notify The Petitioner of The Birth of the minor child that day.**

**48. On February 20th 2020 in a motion for access to the minor child and DNA Genetic testing, The Petitioner informed The Courts the minor child had in fact been born.**

**49. On February 20th 2020 despite her own justification that DNA genetic testing could**

not be ordered because the child had yet to be born. Judge Soltys then denied The

Petitioners motion for DNA genetic testing after finding out the child was in fact already

born.

   50. On February 20th 2020 Judge Soltys denied The Petitioners motion requesting

access to the minor child even though at the time the minor child was already a month old

and still had not met her dad.


   51. On February 20th 2020 Judge Soltys Ordered an initial conference for February 25,

2020.


   52. February 25, 2020  Jontel Harvey was served to appear for the initial conference and

failed to show up.


   53. On February 25th 2020 The Petitioner requested a dismissal of the divorce and

custody  case out of frustration of not being allowed to meet his newborn daughter or

receive DNA testing to prove she is in fact his biological daughter.


   54. On April 30th 2020 After repeated threats to continue to conceal the minor child by

The  Harvey family. The Petitioner called the D.C Metropolitan Police Department to

report the child missing. The MPD refused to open a case but did perform a welfare check.

MPD  refused to allow the Petitioner to know the results of the check. This action informed

Ms Harvey that The Petitioner was going to continue to seek access to the minor child.


55. On May 27, 2020 Jontel Harvey filed a complaint for custody of the minor child.


56. On May 28th 2020 Jontel Harvey requested The District of Columbia file a second

contempt of court for more alleged but unconfirmed phone calls. A package of Ms Harveys

personal items left behind returned  after the divorce, such as her original birth certificate,

lap top, high school diploma and other irreplaceable items. Nothing but items that

belonged to Ms Harvey was in the package.


57. On June 1st 2020. The Petitioner Filed an Affidavit requesting a civil protection

order against Ms Harvey for Several acts of parental kidnapping for the Plaintiff still had

not been given access to the minor child and also for stalking under case number  2020

CPO 001716


58. On June 22,2020 The Petitioner filed a complaint for Absolute Divorce under case

number 2020 DRB 1229. In the complaint The Petitioner complained that the minor child

in question was kidnapped!

59. On June 22, 2020 The Petition filed a Contest and counterclaim to Jontel Harveys complaint for custody. In the counterclaim the plaintiff complained of unconstitutional behaviors by The courts and of abusive behaviors by Ms Harvey towards the child by committing parental kidnapping.

60. On July 1, 2020 The Petitioner filed an emergency request for custody and or access to the minor child. The Petitioner informed the court that he had not even met his daughter after 5 months of birth and his constitutional parental rights were being withheld

61. July 1, 2020 Judge Carmen G. McLean gave the opinion and ruling for the emergency hearing request filed by THE PETITIONER under case number 2020 DRB 1229 stating, Emergency hearings are limited to matters where there is a significant risk that an adverse party is threatening to leave the jurisdiction with the child and this is not the case here. As a result she held the matter in abeyance.

62. July 20, 2020 THE petitioner FILED AN EMERGENCY REQUEST FOR ACCESS TO THE MINOR CHILD. This was the first occasion THE PETITIONER informed the courts that the child had been removed outside of the District of Columbia and relocated to Georgia because this is the first time THE PETITIONER had any evidence of such actions taking place. Previous allegations were that the child was being with-held after birth by

17

THE PETITIONER's ex-wife and THE PETITIONER had not met his daughter. THE

PETITIONER presented THE COURTS with an online advertisement selling extra diapers

posted by the minor child's aunt with Georgia as the pick-up location. The aunt also posted

several recent photos with the minor child which were also turned in with the filing.

63. On July 21, 2020  Judge  On behalf of Judge Soltys stated the following during his

order. Mr. Richardson alleges that he has not seen Anaiah since she was born on January

18, 2020, which he characterizes as parental kidnapping. Mr. Richardson's allegations are

largely the same as those raised in his three prior requests for a same day hearing, denied

on July 1, July 7, and July 14, 2020. In addition, the instant emergency motion provides

"recent evidence", which according to Mr. Richardson, indicates that Anaiah has been

relocated to Woodstock, Georgia. However, the substance of his allegations remains the

same. Judge Sonero goes on to state. "Extraordinary situations where the Court may hold

an emergency ex parte hearing are when a child is in imminent danger or has been

kidnapped, when there has been complete denial of access to a child.

64. On August 20, 2020 during the first hearing THE PETITIONERS ex wife admitted

BOTH in her Divorce filing and under oath to removing the minor child  at 4 months old

and during a global pandemic more than 500 miles outside of THE DISTRICT of

COLUMBIA the very next day after she filed for custody of the minor child.

65.  On August 20, 2020 during the first hearing THE PETITIONERS ex wife admitted BOTH in her Divorce filing and under oath to removing the minor child Judge Soltys did not order THE PETITIONER'S ex wife to return to THE DISTRICT OF COLUMBIA with the minor child. Judge Soltys then attempted to force THE PETITIONER to meet his daughter for the first time through VIDEO CHAT. and when PETITIONER refused and requested a date to meet his daughter in person Judge Soltys then attempted to adjudicate paternity in attempts to intimidate THE PETITIONER.

66.  On August 20, 2020 after ignoring the kidnapping of THE PETITIONERS new born daughter, attempts to force THE PETITIONER to meet his daughter for the first time through video chat and attempts to use THE PETITIONERS daughter paternity as some sort of ransom, THE PETITIONER then made several verbal request that his due process rights be respected in the house of the law and after Judge Soltys openly stated she did not intend on respecting those rights THE PETITIONER politely dismissed himself from the video conference and did not sign anything nor did he intend on signing anything.

67.  On August 20, 2020 Judge Soltys then adjudicated paternity of the minor child without the signature of THE PETITIONER which is REQUIRED  in an adjudication of paternity by admission. Judge Soltys later BLOCKED all transcripts from this hearing via

an order. and ordered THE PETITIONER moot.

68.  On August 20, 2020 THE PETITIONER filed several motions to suppress several pieces of evidence including the CPO matter because the matter was held under a preponderance of evidence standard and could not be the only factor used to decide custody which was the case in this matter based on the fact THE PETITIONER had yet to meet the minor child. Judge Soltys refused to recognise the Supreme Court ruling even though it was brought up on several occasions by THE PETITIONER. Judge Soltys then refused to hear any of THE PETITIONERS 5 motions turned in before the hearing. In Judge Soltys FINAL ORDER on November 19, 2020 judge Soltys noted all 5 motions were still pending.

## DENIAL OF DNA GENETIC TESTING

69. On November 23, 2020 THE PETITIONER filed a REQUEST FOR DNA genetic testing. This would be one of the first of many filings raising the issue of genetic testing over the next 2 years. ALL REQUEST FOR DNA GENETIC TESTING was denied.

## BIRTH CERTIFICATE OF THE MINOR CHILD

**70. On April 18, 2022 Judge Soltys ruled on a request filed by THE PETITIONER 2 years prior on March 27, 2020 under case number under case number 2020 BCN 61 requesting his last name be added to THE BIRTH CERTIFICATE of the minor child as the law requires minor children who are born within wedlock.  Judge Soltys then denied THE PETITIONERS right to have his last name given to his daughter. Judge Soltys stated her Reasoning … PETITIONER did not have custody of the child.**

**CAUSES OF ACTION**
**Soltys**
**Violations to the Fourteenth Amendment Equal Protection**

**71.  (a) Terminate parental rights without the proper legal justification** *Santosky v. Kramer, 455 U.S. 745 (1982), Meyer v. State of Nebraska, 262 U.S. 390 (1923), Stanley v. Illinois :: 405 U.S. 645 (1972),*

**72. Count 1. August 20,2020**

**73. Count 2. November 20, 2020**

**74. (b) Terminate parental rights without the proper standard of proof.**

*Santosky v. Kramer, 455 U.S. 745 (1982), Meyer v. State of Nebraska, 262 U.S. 390 (1923), Stanley v. Illinois :: 405 U.S. 645 (1972)****,***

**75. Count 3. August 20,2020**

**76. Count 4. November 20, 2020**

**77. ( c ) Deny 100% access to new born child without legally allowable justification.**

**78. Count 5. February, 12, 2020. Case Number**

**79. Count 6. February, 21, 2020. Case Number**

**80. Count 7. August 21, 2020 Case number 2020 DRB 1119 2020 DRB 1229**

**81. Count 8. November 6, 2020 Case Number 2020 DRB 1119 2020 DRB 1229**

**82. Count 9. May 5, 2021**

**83. (d) Terminate parental rights without the proper legal justification**

*Santosky v. Kramer, 455 U.S. 745 (1982), Meyer v. State of Nebraska, 262 U.S. 390 (1923),*

*Stanley v. Illinois :: 405 U.S. 645 (1972),*

**84. Count 10. February, 12, 2020. Case Number**

**85. Count 11. February, 21, 2020. Case Number**

**86. Count 12. August 21, 2020 Case number 2020 DRB 1119 2020 DRB 1229**

**87. Count 13. November 6, 2020 Case Number 2020 DRB 1119 2020 DRB 1229**

**88. (e) Deny THE PETITIONERS request for DNA genetic testing outside of legal**

**jurisdiction.** *42 U.S. Code § 666, DC Code § 16–909.01. Establishment of paternity by*

*voluntary acknowledgement*

**89. Count 14. February 12, 2020**

**90. Count 15. December 4th, 2020**

**91. Count 16. May 5, 2021**

**92. (f)  Failure to recognise** *DC Code § 16–1022. Prohibited acts. DC Code § 16–1023.*

*Defense to prosecution; continuous offenses; expenses; jurisdiction.*

**93. Count 17. August 20, 2020**

**94. Count 18. November 6, 2020**

**95.Count 19. November 19, 2020**

**96. Count 20. May 5th 2021**

**97. (g)   Failure to Recognize** *D.C Code § 7–231.08. Live birth registration*

**98. Count 21. April 18, 2022**

**99. (h) Failure to Recognize** *Criminal Jury instructions for the District of Columbia*

*Instruction 9.520. DEFENSE OF PROPERTY*

**100. Count 22. August 20, 2020.**

**101. Count 23. November 19, 2020**

**102. (i)  Failure to recognize** *D.C Code § 22–3211 Theft*

**103. Count 24. August 20, 2020.**

**104. Count 25. November 19, 2020**

**105.(j)  Failure to recognize** *D.C Code The DC Code: § 22-404 Assault*

**a menacing manner; stalking.**

**105. Count 26. August 20, 2020.**

**106. Count 27. November 19, 2020**

**107. (k) Failure to recognize** *D.C Code § 16–1001. Definitions. Intra Family Offense*

**108. Count 28. August 20, 2020.**

**109. Count 29. November 19, 2020**

**110. (l)  Failure to recognize** *D.C Code § 22–3251. Extortion.*

**111. Count 30. August 20, 2020.**

**112. Count 31. November 19, 2020**

**113. (m) Failure to recognize** *D.C § 22–3252. Blackmail*

**114. Count 32. August 20, 2020.**

**115. Count 33. November 19, 2020**

**116. (n) Failure to recognize**  *DC Code: § 22-3133 Stalking.*

**117. Count 34. August 20, 2020.**

**118. Count 35. November 19, 2020**

**119. (o) Failure to recognize D.C's perjury protection codes** *22–2402. Perjury*.

**120. Count 36. August 20, 2020.**

**121. Count 37. November 19, 2020**

## CAUSES OF ACTION

### Procedural Due Process Violations
### 14th Amendment | U.S. Constitution
### Soltys/ DC

**122. Count 38. February, 12, 2020. Case Number**

**123. Count 39. February, 21, 2020. Case Number**

**124. Count 40. August, 20, 2020**

**125. Count 41. November 6, 2020 Case Number 2020 DRB 1119 2020 DRB 1229**

**126. Count 42. November 19, 2020**

## CAUSES OF ACTION

### Violations to The Right to Redress Grievance
### See First Amendment | U.S. Constitution
### Soltys

**127. Count 43. February, 12, 2020. Case Number**

**128. Count 44. February, 21, 2020. Case Number**

**129. Count 45. August, 20, 2020**

**130. Count 46. November 6, 2020 Case Number 2020 DRB 1119 2020 DRB 1229**

**131. Count 47. November 19, 2020**

**132. Count 48. May 5, 2021**

**RELIEF**
**Soltys**

**133. WHEREFORE, the PLAINTIFF respectfully requests this Court enter a judgment in its**

**favor and grant relief against Defendant Judge Darlegne Soltys. as follows:**

**134.    Award THE PLAINTIFF $2,400,000 in Compensatory Damages for pain and**

**suffering (48 Trespass's to rights of the Constitution of The United States $50,000 per**

**violation) Pursuant to**  *U.S. Code Title 28. Judiciary and Judicial Procedure § 2680 28 U.S.*

*Code Chapter 171 - TORT CLAIMS PROCEDURE*

**135. Award THE PLAINTIFF $1,000,000 in Punitive Damages For Trespass of  Rights of**

**The Constitution of The United States** *Pursuant to Fletcher v. Tomlinson***,** *No. 16-4399 (8th*

*Cir. 2018)* **($20,408.16 Per Violation)**

**RELIEF**
**District of Columbia**
**Injunctions**

**136. the PLAINTIFF respectfully requests this Court enter a judgment in its favor**

**and grant relief against Defendant THE DISTRICT OF COLUMBIA . as follows:**

**137. REQUESTING A change of venue in all related matters,  Case numbers 2020**

**DRB 1119, 2020 DRB 1229, 2020 BCN 61, 2019 CCC 73, 2020 CCC 16 from The**

**District of Columbia Superior Courts to The United States Courts of The District of**

**Columbia, for on its face confidence has rightfully eroded in the District of**

**Columbia Superior Courts ability to administer impartial services in these matters**

**and (this) civil suit creates a clear and convincing conflict of interest in all future**

**related matters. Pursuant to** *28 U.S. Code § 1404 - Change of venue 28 U.S. Code §*

*1412 - Change of venue*

**138. Vacate all judgements and orders administered by Judge Soltys and other**

**judges in Case number 2020 DRB 1119 and 2020 DRB 1229 pursuant to** *United States v. Balistrieri, 779 F.2d 1191 (7th Cir. 1985) (Section 455(a), The People of the State of Illinois v. Fred E. Sterling, 357 M. 354; 192 N.E. 229 (1934), Allen F. Moure v. Stanley F. Slevers, 336 Ill. 316; 168 N.E. 259 (1929) Scuto, 521.2d 842,845 (7th Cir. 1996) In Bulloch v United States, 763 F.2d 1115, 1121 (10th Cir. 1985)*

**139. RECUSE Judge Soltys from administering any other Judicial duties in Case number 2020 DRB 1119, 2020 DRB 1229, or any other matters involving THE PETITIONER. "** *Taylor. O'Grady, 888 F.2d 1189 (7th C 1989). Allen F. Moure v. Stanley F. Slevers, 336 Ill. 316; 168 N.E. 259 (1929) Scuto, 521.2d 842,845 (7th Cir. 1996) In Bulloch v United States, 763 F.2d 1115, 1121 (10th Cir. 1985)*

**140. REQUESTING immediate DNA genetic testing and visitation for THE MINOR CHILD for THE District of Columbia does not currently have a signature of any kind for voluntary acknowledgement of paternity and presumed paternity has been challenged on several occasions by THE PETITIONER within the legally allowed time frame . pursuant to** *42 U.S. Code § 666*

**141. REQUESTING A Judicial Review of the full record seeking A JUDGMENT AS A MATTER OF LAW in related Case numbers 2019 CPO 3991 and 2020 BCN**

**61** *Pursuant to 5 U.S. Code Chapter 7 - JUDICIAL REVIEW*

**142.  Requesting THE COURTS VACATE all current orders in Case number 2019 CPO 3991**

**144. REQUESTING  A Dismissal of  related matters Case numbers  2019 CCC 73 and 2020 CCC 16  pursuant to** *Federal Rule of Civil Procedure Rule 12 b)(1) a lack of subject-matter jurisdiction (b)(2) a lack of personal jurisdiction (b)(6),  failure to state a claim upon which relief can be granted*

**145. THE PETITIONER IS REQUESTING AN INJUNCTION FOR A TEMPORARY STAY OF EXECUTION of all current RELATED ORDERS under case numbers  2020 DRB 1119, 2020 DRB 1229, 2020 BCN 61, 2019 CCC 73, 2020 CCC 16, 2019 CPO 3991 for on its face these matters were created and held unconstitutionally. For the interest of justice it is fair to immediately stop what "on its face" has been an abuse to the system of justice. To allow it to continue one day longer after being made aware of its contents is an indictment on the system of justice itself.** *See Federal Rules of Civil Procedure Rule 62. Stay of Proceedings to Enforce a Judgment.*

**Conclusion**

146. In this matter we have a situation where THE PETITIONER a then married soon to be dad who was what the DC Code describes as blackmailed and extorted because he didn't want to sign a postnuptial agreement.

147. THE PETITIONER played a video recording in open court of the THE PETITIONERS ex wife threatening to call the police and "make something up" if he did not adhere to her demands.

148. THE PETITIONERS ex -wife then showed a video in open court of the theft she committed against THE PETITIONER as he slept at 3 am on a Saturday Morning..

149. THE PETITIONER stopped the theft and his ex wife did not sustain any injuries as a result of THE PETITIONER stopping the theft against him.

150. The Petitioner called the authorities to report the theft after it occurred.

151. The DC police did not press any charges for assualt after viewing the video of the incident.

152 THE PETITIONER was found guilty by Judge Kravitz of causing significant bodily injury when there was no injury to the party. And no hospital visit which is required for criminal conduct to have occurred.

153. As a result of the Intra Family conviction THE PETITIONER was then unconstitutionally stripped of his ability to attend the birth of his child

154. Judge Soltys received the case at that point and was immediately informed of the errors by the courts.

155. Instead of doing the proper research on the matter and protecting the equal rights of THE PETITIONER Judge Soltys then participated and aided and abetted  in what The DC Code describes as The Parental Kidnapping and Abduction of a new born child.

156. Judge Soltys then attempted to adjudicated paternity when THE PETITIONER both filed and testified in open court as to the duress of his current state because of the missing minor child .

157. When Judge Soltys couldn't complete the adjudication process in full, she then forged THE PETITIONERS name on the adjudication of paternity forms.

31

158. Judge Soltys then made unconscionable efforts to conceal her actions by secretly denying the fee waivers transcripts of the adjudication hearing during an open appeal.

159. THE COURTS then refused to send the transcripts for the adjudication of paternity hearing in any capacity, failing to offer the option of payment to the PETITIONER.

160. Judge Soltys then ordered THE PETITIONER moot and unable to file anything regarding access to his child for close to a year.

161. Judge Soltys then ordered THE PETITIONER have no access to a child in which he has never met until the stay away order has ended in 2027.

162. THE SUPERIOR Courts then made up random charges as a violation of the stay away order and then unconstitutionally ordered that THE PETITIONER service a full stay away order from his daughter until 2027.

163. This case is disturbing to say the least and Judge Soltys has been the vessel used to commit fraud on THE COURT.

**164. Fathers have rights too.**

**165. It is in the best interest of public justice that you grant all of the requests you have in front of you today, for none of them are made outside of the mandated actions of the courts in such circumstances.**

**166. On its face the actions of Both parties Judge Soltys and The District of Columbia were unconstitutional.**

**INJUNCTIONS**

**167. Upon consideration of the testimony of issues raised regarding the record herein, it is this 12th day of October, 2022, AN INJUNCTION for a change of venue in, Case numbers 2020 DRB 1119, 2020 DRB 1229, 2020 BCN 61, 2019 CCC 73, 2020 CCC 16, 2019 CPO 3991 from The District of Columbia Superior Courts to The United States DISTRICT Court for The  District of Columbia is hereby GRANTED**
**_____**
**===========================================================**

**Judges Signature /Date**

**—--------------------------------------------------------------------------------------------------------------**

**168. Upon consideration of the testimony of issues raised regarding the record herein, it is this 12th day of October, 2022, AN INJUNCTION TO Vacate all judgements and orders administered by Judge Soltys and other judges in Case numbers 2020 DRB 1119 and 2020 DRB 1229  is hereby GRANTED** _____
===========================================================

**Judges Signature /Date**

—-----------------------------------------------------------------------------------------------------

**169. Upon consideration of the testimony of issues raised regarding the record herein, it is this 12th day of October, 2022, AN INJUNCTION TO  RECUSE Judge Soltys from administering any other Judicial duties in Case number 2020 DRB 1119,  2020 DRB 1229, or any other matters involving THE PETITIONER  is hereby GRANTED** _____
============================================================

**Judges Signature /Date**

—-----------------------------------------------------------------------------------------------------

34

**170. Upon consideration of the testimony of issues raised regarding the record herein, it is this 12th day of October, 2022, AN INJUNCTION REQUESTING immediate DNA genetic testing and visitation for THE MINOR CHILD is hereby GRANTED**

_____

==============================================================

**Judges Signature /Date**

—------------------------------------------------------------------------------------------------------

**171. Upon consideration of the testimony of issues raised regarding the record herein, it is this 12th day of October, 2022, AN INJUNCTION REQUESTING A Judicial Review of the full record seeking  A JUDGMENT AS A  MATTER OF LAW in Case numbers 2019 CPO 3991 and  2020 BCN 61 is hereby GRANTED**

_____

==============================================================

**Judges Signature /Date**

—------------------------------------------------------------------------------------------------------

35

**172. Upon consideration of the testimony of issues raised regarding the record herein, it is this 12th day of October, 2022, AN INJUNCTION TO VACATE all current orders in Case number 2019 CPO 3991  is hereby GRANTED**

_____

========================================================

**Judges Signature /Date**

—--------------------------------------------------------------------------------------------------------------

**173. Upon consideration of the testimony of issues raised regarding the record herein, it is this 12th day of October, 2022, AN INJUNCTION  REQUESTING  A Dismissal of  Case numbers  2019 CCC 73  and 2020 CCC 16  is hereby GRANTED**

_____

========================================================

**Judges Signature /Date**

—--------------------------------------------------------------------------------------------------------------

36

**174. Upon consideration of the testimony of issues raised regarding the record herein, it is this 12th day of October, 2022,  AN INJUNCTION FOR A  TEMPORARY STAY OF EXECUTION of all current RELATED ORDERS under case numbers  2020 DRB 1119, 2020 DRB 1229, 2020 BCN 61, 2019 CCC 73, 2020 CCC 16, 2019 CPO 3991  is hereby GRANTED** _____

==========================================================

**Judges Signature /Date**

_____

 I declare under penalty of perjury that the foregoing is true and correct. If this document is to be signed outside the geographic boundaries of the United States, Puerto Rico, the United States Virgin Islands, and any territory or insular possession subject to the jurisdiction of the United States, additional requirements must be met prior to signing. See Super. Ct. Dom. Rel. R. 2(c)(1)(B).

/s/ Romulo Richardson/                              Also emailed to
2319 Green st SE Apt 1                                oag@dc.gov
Washington DC 20020 202-670-8381

                                                    JudgeSoltysChambers@dcsc.gov
                                                    Brittany.Neihardt@dcsc.gov
romulo.richardson00@gmail.com
**10/12/2022**

37