UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROMULO RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-3161 (UNA) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff is the biological father of a child he has never met. It appears that various proceedings in the Superior Court of the District of Columbia resulted in rulings unfavorable to plaintiff, including the issuance of civil protection orders, a divorce decree, the adjudication of the child's paternity, and an order granting sole custody of the child to plaintiff's ex-wife. He thus brings this civil rights action under 42 U.S.C. § 1983. Although the District of Columbia is named as a defendant in this action, the complaint's factual allegations focus squarely on Superior Court Judge Darlene Soltys, whose rulings allegedly violated rights protected under the First, Fifth, and Fourteenth Amendments to the United States Constitution. Among other relief, plaintiff asks this Court to award compensatory and punitive damages, to vacate Judge Soltys' rulings, and to stay execution of all orders related to the civil protection matter, divorce, paternity, and child custody.

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court grants the application and, for the reasons discussed below, dismisses the complaint in its entirety.

1

A. <u>Municipal Liability</u>

Under 42 U.S.C. § 1983 there is a private cause of action against a "person" who, under color of state or District of Columbia law, deprives another individual of a federal constitutional or statutory right. *See generally* *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691-94 (1978). A municipality such as the District of Columbia is a "person" for purposes of § 1983 and may be held liable for its "agents' constitutional torts," but only if those agents "acted pursuant to municipal policy or custom." *Warren v. District of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004).

"To establish municipal liability under § 1983, a plaintiff must first demonstrate that there was an underlying constitutional violation, and second, show that the municipality's policy or custom caused the constitutional violation." *Bell v. District of Columbia*, 82 F. Supp. 3d 151, 155 (D.D.C. 2015) (citation omitted). To satisfy the second prong of this test, a plaintiff must allege that the municipality (1) "explicitly adopted the policy that was the moving force of the constitutional violation"; (2) "knowingly ignore[d] a practice that was consistent enough to constitute custom"; or (3) failed to "respond[ ] to a need . . . in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations." *Warren*, 353 F.3d at 39 (citations and internal quotation marks omitted). A plaintiff may also succeed by alleging that an authorized municipal policymaker made a one-time decision that resulted in the alleged constitutional deprivation. *See Singletary v. District of Columbia*, 766 F.3d 66, 73 (D.C. Cir. 2014). There are no such factual allegations in this complaint, and without them, plaintiff establishes no basis for the District's liability.

B. Absolute Judicial Immunity

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction[.]" *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).  Here, it is apparent that Judge Soltys was acting in her judicial capacity when she issued the rulings plaintiff deems objectionable, and absolute judicial immunity protects her from suit.  *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Stump v. Sparkman*, 435 U.S. 349, 364 (1978) (concluding that state judge was "immune from damages liability even if his [decision] was in error"); *Fuller v. Mott*, No. 14-711, 2014 WL 1688038, at *1 (D.D.C. Apr. 23, 2014) (dismissing claim for damages against Superior Court judge because he enjoys absolute immunity); *Johnson v. Henneghan*, No. 12-1023, 2012 WL 2467028, at *1 (D.D.C. June 28, 2012) (finding that federal court lacks jurisdiction to review Superior Court's child custody determination and order granting emergency motion for temporary custody).

C. Review of Superior Court Decisions

To the extent that plaintiff seeks review of the Superior Court proceedings, this federal district court "lack[s] jurisdiction to review judicial decisions by state and District of Columbia courts."  *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) ((citations and internal quotation marks omitted)); *see Chen v. Raz*, 172 F.3d 918 (D.C. Cir. 1999) (per curiam) (affirming dismissal of complaint seeking review of Superior Court's decision in probate matter for lack of subject matter jurisdiction); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (finding that district courts "generally lack[ ] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).  Furthermore, the

domestic relations exception deprives a federal district court of the "power to issue divorce . . . and child custody decrees," *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992), or to determine child support obligations, *see Bennett v. Bennett*, 682 F.2d 1039, 1042 (D.C. Cir. 1982) (explaining that domestic relationship exception divests federal court of jurisdiction over "grant[ing] a divorce, determin[ing] alimony or support obligations, or resolv[ing] parental conflicts over the custody of their children").  Dismissal is thus required here.

    An Order is issued separately.

DATE: November 2, 2022                                      /s/
                                                                  JAMES E. BOASBERG
                                                                  United States District Judge